## BEN–WAT CORPORATION v. DAVID LUPTON'S SONS CO.

(Circuit Court of Appeals, Third Circuit. May 26, 1926.)

No. 3459.

Patents ⬤═209(1)—Agreement for license held not complete not being followed by formal contract.

Agreement contemplating a patent licensing and covering part of terms, but providing that before certain time there shall be prepared and executed a formal contract, setting forth in detail patents and other terms and conditions as may be approved by attorneys of both parties of "this preliminary contract," held not complete contract, and so not to require payment of minimum royalties; further contract not being approved by counsel.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit by the Ben-Wat Corporation against the David Lupton's Sons Company. Judgment for defendant, after directed verdict,

and refusal of new trial (9 F.[2d] 928), and plaintiff brings error. Affirmed.

Lawrence Bristol and W. Heyward Myers, Jr., both of New York City, for plaintiff in error.

William W. Porter (of Porter, Foulkrod & McCullagh), of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and GIBSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below, the Ben-Wat Corporation, a corporate citizen of New Jersey, brought suit against the David Lupton's Sons Company, a corporate citizen of Pennsylvania, to recover $12,500, minimum yearly license royalty upon patents. On the trial of the case, and after hearing the plaintiff's proofs, the court charged the jury: "In the opinion of the court, the plaintiff has not made out a case. You are therefore directed to return a verdict for the defendant." On entry of judgment, this writ of error was sued out.

The case turns on the construction by the court below of the written agreement by which the plaintiff alleged the defendant contracted to pay the patent license royalty sued for. The facts of the case, the court's construction of the agreement, and the reasons it thereto moving, are set forth in its opinion, refusing a new trial. 9 F.(2d) 928. We find no error in such holding. The agreement, as a whole, contemplated a patent licensing. It, however, specified no patent, simply stating: "The licensee has full ownership of patents and applications for patents for a fuel economizer for internal combustion engines." There was no definite specification of the device licensed; the agreement stating: "The licensee believes that this contract is based upon an original invention which results in substantial economy for fuel in internal combustion of engines." The right to use, as well as the right to license, were to be "during the life of the patent now issued, or which may be issued, on the primary invention or improvements thereof to a fuel economizer hereinbefore mentioned."

While this agreement stated and determined certain things, it is quite evident there were other things whose determination was left to the future. The signatories, both laymen, were quite unable, both from a patent standpoint and from the status of the patent situation, to then and there make a definite contract without the help of patent counsel and the clause added, namely, that a contract in proper form, therein termed "a formal contract," should be "prepared" which should set "forth in detail the patents, application for patents *and other terms and conditions as may be approved by attorneys of both parties of this preliminary contract,"* shows clearly that this agreement was a step toward making a contract which should cover the final, joint agreed-upon-contract which both expected to make between then and June 1st following; and that such was the fact and the real meaning of this preliminary agreement is shown by what the parties did. Patent counsel for the defendant at once began an extensive search in the Patent Office, with the result that, on June 1st, after citing conflicting patents and the scope of the Bennett and Stanley patents owned by the plaintiff, they reported: "It will naturally be impossible, on any view of the case, for the Ben-Wat Corporation to monopolize the field as against some successful device (which may be devised hereafter, if not already disclosed in any existing patent) employing neither the annular plate construction of the Bennett patent nor the particular Stanley grid construction."

Acting on this report of its attorneys, the defendant, on June 4, 1923, wrote the plaintiff: "On account of the improbability, from our point of view, of a patent being secured on the Stanley application, of sufficient breadth on which to base a sales and advertising campaign, we hereby release you from all provisions in our preliminary contract dated May 17, 1923. We believe in the efficiency of the Ben-Wat vaporizer, and, if you can secure a satisfactory patent, we hope that you will give us the opportunity of again considering this proposition, as we believe we can merchandise it to our mutual profit, if it can be properly protected by patent." To the construction thus placed on this agreement by the defendant, the plaintiff made no reply, and took no action until this suit was brought, some 14 months later, and, while this silence and inaction are not conclusive, they do tend to show that the construction and effect given to the agreement by the court had, during the time we speak of, the warrant of the plaintiff's own attitude.

The judgment below is therefore affirmed.